**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4463**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENNETH WRIGHT,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  Patrick Michael Duffy, Senior
District Judge.  (2:09-cr-00452-PMD-1)

Submitted:  September 28, 2010      Decided:  October 7, 2010

Before WILKINSON, KING, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mary Gordon Baker, Assistant Federal Public Defender,
Charleston, South Carolina, for Appellant.  William N. Nettles,
United States Attorney, Rhett DeHart Assistant United States
Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM

Kenneth Wright pleaded guilty to one count of theft of United States mail, in violation of 18 U.S.C. § 1708 (2006). At sentencing, the district court granted the Government's motion for an upward departure from Wright's sentencing range of twenty-four to thirty months to the statutory maximum sentence of sixty months, pursuant to U.S. Sentencing Guidelines Manual § 4A1.3(a)(4)(B), p.s. (2009).

On appeal, Wright argues that the district court erroneously relied upon its exaggerated view of Wright's threat to society to support the extent of its upward departure. Thus, Wright's sole appellate contention is that his sentence is substantively unreasonable. We have thoroughly reviewed the record and conclude the district court amply justified the upward departure and imposed a substantively reasonable sentence.

This court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Llamas, 599 F.3d 381, 387 (4th Cir. 2010). Ordinarily, this review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. However, because Wright does not challenge the procedural reasonableness of his sentence, we only address whether Wright's

2

sentence is substantively reasonable. When reviewing the substantive reasonableness of a sentence, this court "tak[es] into account the 'totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (quoting Gall, 552 U.S. at 51).

When the district court exercises its discretion and departs from the defendant's advisory Guidelines range, it must explain its reasons for doing so. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). Although the district court must "ensure that its justification supports 'the degree of the variance,'" it need not make "a finding of 'extraordinary' circumstances" in order to support its sentencing determination. Id. (quoting Gall, 552 U.S. at 47). Whether the district court departs from the advisory Guidelines "because of a Guidelines-sanctioned departure, or because of one or more [18 U.S.C. § 3553(a) (2006)] factors, or because of some other reason — that is, no matter what provides the basis for a deviation from the Guidelines range — we review the resulting sentence only for reasonableness." Id. at 164 (citing Gall, 552 U.S. at 46, Rita, 551 U.S. at 350).

Wright's sentence is substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. At sentencing, the district court relied primarily on Wright's

3

more-than-twenty-year history as a "flimflam man" and thief, and observed that Wright's numerous convictions and jail sentences had "not made a dent" on Wright. Instead, Wright consistently violated probation, failed to pay restitution, and committed more crimes. Based on these facts, the district court found Wright lacked any appreciable respect for the law, that his prior terms of incarceration had failed to deter him from further criminal conduct, and that there was an obvious need to protect the public from Wright. The district court also noted that an increased sentence would provide Wright with an opportunity for vocational training and an incentive to remain employed following his release from incarceration.

For these reasons, we hold that the district court amply evaluated the relevant § 3553(a) factors and relied on those factors to conclude that an upward departure was justified. See United States v. McNeill, 598 F.3d 161, 167 (4th Cir. 2010) (affirming the district court's upward departure based on, among other factors, McNeill's extensive criminal history, lack of work experience, and the need to deter McNeill from future crimes). Further, the sentence is substantively reasonable when viewed in the totality of the circumstances. Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

4

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED